IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2207-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ANDREW F. GALO, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's 30 June 2010 motion to dismiss the government's petition for his commitment as a sexually dangerous person pursuant to 18 U.S.C. § 4248. (DE # 8.) Petitioner has responded and opposes the motion. The matter is ripe for ruling.

On 17 May 2010, the United States Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010), upheld 18 U.S.C. § 4248 as valid under the Necessary and Proper Clause and remanded the case to the Fourth Circuit Court of Appeals for further proceedings. On remand, the Fourth Circuit rejected the contention that § 4248 violates the Due Process Clause. United States v. Comstock, 627 F.3d 513, 518, 524 (4th Cir. 2010).

The prior litigation in Comstock forecloses almost all of the arguments made by respondent in his motion to dismiss.[1] It appears that the only issue in the motion to dismiss that has not been addressed, either directly or indirectly, is respondent's equal protection challenge.

---

[1] The court notes that respondent did not fully set forth his arguments in his second motion to dismiss. Instead, he incorporated arguments made in similar motions in the Comstock case. (See Mot. Dismiss, DE # 8, at 2.) The government followed suit. (See Resp. Mot. Dismiss, DE # 9, at 3.) The court will not continue to search through past filings in other cases to resolve a pending motion. On any future motion in this case, therefore, the court will not consider an argument simply incorporated by reference.

See Comstock, 627 F.3d at 517 (noting that the district court did not reach respondents' contention that § 4248 violates the Equal Protection Clause). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks omitted).[2] Ordinarily, when a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute at issue is rationally related to a legitimate governmental interest. Id. at 440; Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). However, a statute that implicates a fundamental right or a suspect class triggers the more demanding "strict scrutiny" test and will be sustained only if it is narrowly tailored to serve a compelling government interest. City of Cleburne, 473 U.S. at 440.

      The United States Supreme Court has not squarely addressed the level of scrutiny that should be applied in cases involving challenges to civil commitment statutes. See Hubbart v. Knapp, 379 F.3d 773, 781 (9th Cir. 2004). Respondent argues that strict scrutiny must be applied to an unequal classification in a law that restricts liberty. However, several lower federal courts have discussed this issue in the context of challenges to § 4248 and have concluded that the rational basis standard of review applies. See United States v. Coho, No. 09-CV-754-WJ, 2009 WL 3156739, at *7 (D.N.M. Sept. 18, 2009); United States v. Shields, 522 F. Supp. 2d 317, 340 (D. Mass. 2007); United States v. Carta, 503 F. Supp. 2d 405, 408 (D. Mass. 2007),

---

[2] If a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974).

aff'd, 592 F.3d 34, 44 (1st Cir. 2010). The court adopts the reasoning of these decisions and finds that the rational basis standard of review should be applied to this case.

Respondent further contends that § 4248 violates his right to equal protection because the statute bears no rational relationship to the government's goal of protecting the public from sexually dangerous persons. Essentially, it appears that respondent is arguing that all federal prisoners are impermissibly singled out by the statute for possible commitment. Respondent correctly points out that the statute permits the government to seek a certification of sexual dangerousness for any person in federal custody. He argues that the government cannot use one's status as a prisoner to control whether or not the person may be subject to a civil commitment hearing.

Respondent's equal protection argument builds on the case of Baxstrom v. Herold, 383 U.S. 107 (1966), where the United States Supreme Court "disallowed a state commitment statute that made it easier to commit based on mental illness those already in prison than counterpart state residents not so imprisoned." Carta, 592 F.3d at 44. The First Circuit Court of Appeals has addressed an equal protection challenge to § 4248 that was based on a similar argument to the one that respondent raises here. In distinguishing Baxstrom, the First Circuit found that:

> a state, unlike Congress, has a general police power, whereas the federal government's interest and responsibility here stem from the fact that it already has custody of the prisoner. There is no corresponding group of unimprisoned persons subject to its police power, so with respect to the operation of section 4248, federal prisoners and unimprisoned persons are not similarly situated. See Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982). Thus, far from being irrational, it is inevitable that the federal government limits the reach of section 4248 to individuals already in its custody.

Id. (emphasis in original and one internal citation omitted); see also Shields, 522 F. Supp. 2d at 341 ("[S]exually dangerous persons in the custody of the federal government are not similarly

situated to sexually dangerous persons not charged with a federal crime or serving a federal sentence."). Although it is not binding authority, the court finds the First Circuit's decision in Carta persuasive in light of the similarities to the instant matter. As a result, the court rejects respondent's equal protection challenge.

Accordingly, respondent's motion to dismiss is DENIED.

This 15 March 2011.

W. Earl Britt
Senior U.S. District Judge

4

Case 5:07-hc-02207-BR   Document 17   Filed 03/15/11   Page 4 of 4