IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2207-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| ANDREW F. GALO, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on Petitioner's Motion for Voluntary Dismissal With Leave of Court and With Prejudice (D.E. 42), and the Settlement Agreement entered into between the parties attached to that motion, including the Waiver of Hearing to Modify Conditions of Supervised Release ("Waiver"). Pursuant to the referral of the presiding Senior District Judge (*see* 2nd Minute Entry after D.E. 42) and with the consent of the parties (D.E. 45), the undersigned conducted a hearing today to determine whether the Settlement Agreement and Waiver[1] were knowingly and voluntarily entered into. Respondent was present, along with his counsel and counsel for the government. At the hearing, the court confirmed through direct questioning of respondent under oath and, where appropriate, questioning of his counsel the following matters, among others: respondent's competence to proceed with the hearing; respondent's satisfaction with the services his current counsel has provided him generally and with respect to the Settlement Agreement and Waiver in particular; respondent's review of the Settlement Agreement and Waiver with his counsel; respondent's understanding of and agreement to the terms and conditions of the Settlement Agreement and Waiver, which the court reviewed with respondent paragraph by paragraph; the

---

[1] Respondent executed an original of the Settlement Agreement in open court. He had executed the Waiver on 10 August 2011, but affirmed his understanding of and agreement to its terms and conditions at the hearing.

absence of any promise or assurance to respondent to induce him to enter into the Settlement Agreement or Waiver not stated in the Settlement Agreement; and the absence of any attempt to force respondent to enter into the Settlement Agreement and Waiver.

Based on the proceedings at the hearing, the court FINDS that respondent was fully competent to enter into the Settlement Agreement and Waiver and that he knowingly and voluntarily did so after having an adequate opportunity to confer with counsel; and that the government also knowingly and voluntarily entered into the Settlement Agreement.

IT IS THEREFORE RECOMMENDED that the court:

1. approve the Settlement Agreement;

2. dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), in accordance with the Settlement Agreement; and

3. order that the stay of respondent's release from Bureau of Prisons custody be lifted, respondent be released from Bureau of Prisons custody, and respondent report to the probation office in the Western District of Pennsylvania within 72 hours of his release, in accordance with the Settlement Agreement and Waiver.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 15 August 2011 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections are due no later than 16 August 2011.

This, the 12 day of August 2011.

_____
James E. Gates
United States Magistrate Judge

3