IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2207-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| ANDREW F. GALO, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on Petitioner's Motion for Voluntary Dismissal With Leave of Court and With Prejudice (DE # 42), along with the accompanying Settlement Agreement and Waiver of Hearing to Modify Conditions of Supervised Release ("Waiver") appended thereto. The motion was referred to Magistrate Judge James E. Gates (see 2nd Minute Entry after DE # 42), who held a hearing on it on 12 August 2011 (see DE # 44) pursuant to the referral and with the consent of the parties (DE # 45). In a Memorandum and Recommendation ("M&R") issued by Judge Gates that same day, he found that the Settlement Agreement and Waiver were knowingly and voluntarily entered into and recommended approval of the Settlement Agreement, allowance of the motion, and dismissal of the case as proposed by the parties. (M&R, DE # 46, at 2.) No objections to the M&R have been filed, and the time for doing so has expired.

The court FINDS that judicial approval of the terms of the Settlement Agreement is not necessary to make the Settlement Agreement binding on the parties, and therefore the court does not adopt the recommendation in the M&R that the Settlement Agreement be approved. In all other respects, the court ADOPTS the M&R as its own, and FINDS that respondent was fully competent to enter into the Settlement Agreement and Waiver and that he knowingly and

voluntarily did so after having an adequate opportunity to confer with counsel, and that the government also knowingly and voluntarily entered into the Settlement Agreement.

It is therefore ORDERED that:

1. the motion (DE # 42) is ALLOWED;

2. this case is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(2);

3. the stay of respondent's release from Federal Bureau of Prisons custody is LIFTED and respondent shall be RELEASED forthwith from Federal Bureau of Prisons custody; and

4. respondent shall report to the United States Probation Office for the United States District Court for the Western District of Pennsylvania within 72 hours of his release in accordance with the criminal judgment entered by that court in the case of United States v. Andrew Galo, Criminal No. 99-50, on 12 April 2001 (DE # 46). The Clerk is DIRECTED to send a copy of this order to the Clerk of Court for the Western District of Pennsylvania, U.S. Courthouse, P.O. Box 1805, Pittsburgh, PA 15230.

This 16 August 2011.

                W. Earl Britt
                Senior U.S. District Judge